STATE, PLAINTIFF-APPELLEE, *v.* HEROLD, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26560.   Decided April 23, 1964.

*Mr. John T. Corrigan*, prosecuting attorney, and *Mrs. Gertrude B. Mahon*, for plaintiff-appellee.
*Mr. Joseph J. Bystricky*, for defendant-appellant.

CORRIGAN, J. Appeal is made to this court from a finding and judgment of the Juvenile Court of Cuyahoga County that the defendant-appellant was guilty of the crime of unlawfully failing to support and maintain his four minor children from March 3, 1962, to April 19, 1962. Defendant-appellant is the father of the minors and as such is charged with their support and maintenance.

The proceeding in the Juvenile Court was commenced with the filing of a petition on April 19, 1962, alleging neglect or refusal to provide proper care, support, maintenance or education of said children, signed by Lillian S. Herold as petitioner. The latter is the mother of the children.

On the same day an affidavit, sworn to by Lillian S. Herold, was also filed in the Juvenile Court stating that "on or about the 3rd day of March, 1962, in the County of Cuyahoga aforesaid, and from that day continuously until the present time, to wit: the 19th day of April, 1962, one Dr. Floyd Herold, the father, charged with the support and maintenance of Lynne, Anita, Joyce and Floyd, Jr., Herold minors under 18 years of age to wit: of the ages of 8, 6, 5, and 4 years, did unlawfully fail to support and maintain the said minors, he, the said Dr. Floyd Herold, well knowing the said children to be such minors; contrary to the Statute in such case made and provided, and against the peace and dignity of the State of Ohio, and further affiant sayeth not."

Citations and summons were issued on April 19, 1962, and were returned and filed on May 11, 1962. On May 18, 1962, the matter was continued to May 25, 1962.

On May 25, 1962, the defendant pleaded not guilty before the court and according to an "Addition to Bill of Exceptions," a one page narrative attached to the bill of exceptions, a Mr. Mogyordy of the Child Support Department then "testified that an unofficial hearing was held on December 12, 1961, and the

defendant agreed to pay $70.00 per week current support through court for the minor children; that the defendant paid a total of $767.20 and that the arrearage was $562.80 as of April 26, 1962 * * * that the defendant paid $70.00 on March 13, March 30, and April 10, 1963." (These dates apparently intended to be 1962.)

The narrative goes on further to say that the court conferred in chambers with counsel, and counsel for defendant stated that his client would comply with the agreement reached at the unofficial hearing as testified to by Mr. Mogyordy, and a sixty day continuance was agreed to during which time the defendant's financial situation would become stable; on July 27, 1963 (this date apparently intended to be July 27, 1962), counsel agreed and requested the court not to make a finding in the case so long as the defendant paid support. So much for the "Addition to Bill of Exceptions."

The transcript of journal entries reads in part: "5/25/62 * * * Thereupon the Court having heard the evidence in part continues this matter to July 27, 1962, for further hearing." On July 27, 1962, the following journal entry was made: "This matter came on for further hearing this twenty-seventh day of July, 1962 * * * and the plea thereto of not guilty by defendant herein through his counsel. The Court, after having heard all the evidence continues this matter indefinitely for decision and for psychiatric examination of mother and father of minors herein. The defendant agrees to pay Fifty Dollars per week into this Court in the meantime for the current support of minors herein. It is ordered the matter as to minors herein be continued indefinitely. The payments herein made by the defendant are to go to the complainant."

On September 26, 1962, this entry was made: "This matter came on for further hearing this twenty-sixth day of September, 1962, * * *. It is ordered that this matter be continued to October 10, 1962. It is ordered that defendant comply with the order heretofore made on July 27, 1962 in the meantime."

On October 10, 1962, the following entry was made: "This matter came on for further hearing this tenth day of October, 1962, * * *. At the request of counsel for the defendant it is

ordered that this matter be continued indefinitely. It is further ordered that the defendant continue to comply with the Court order of July 27, 1963 (sic)." (This date was apparently intended to be July 27, 1962.)

Next appears an entry dated February 25, 1963, reading: "This matter is continued to May 6, 1963, by agreement of both counsels."

Finally, on May 6, 1963, this entry was made: "This matter came on for further hearing this sixth day of May, 1963, * * *, and the plea thereto of not guilty by the defendant herein. The Court, after hearing all the evidence, finds that Lynne, Anita, Joyce and Floyd Herold, Jr., are neglected children and that the defendant is charged by law with the support and maintenance of said children. The Court further finds that the defendant has failed to support and maintain said children and that he is guilty as charged in the affidavit. It is ordered that said children be committed to their mother. It is ordered that said defendant be imprisoned in the Cleveland Workhouse Warrensville, Ohio, for the term of one year and that he pay the costs of this prosecution taxed at $24.95. The defendant having expressed his willingness to comply with the order of Court and it appearing that it would be for the best interest of all parties herein, it is ordered that the Workhouse sentence heretofore imposed be suspended on condition defendant pay Seventy Dollars per week into Court for the current support of said children, and pay such other sums as this Court may decree during the suspension of said sentence. The payments herein made by the defendant for current support are to go to the mother of minors. It is ordered that the first payment is due on May 10, 1963."

Two assignments of error are urged by appellant, namely:

"1. The Court erred in finding Defendant-Appellant guilty for the reason that such finding is against the manifest weight of the evidence.

"2. The Court erred in refusing to hear the testimony of the Defendant-Appellant and in preventing Defendant-Appellant from introducing evidence on his behalf."

Appellee admits in its brief that this case started in De-

cember, 1961, on an unofficial hearing relative to a complaint that the defendant was failing to support his minor children and that at that time defendant agreed to pay $70.00 a week for the support of these children.  Defendant was in arrears on these support payments when the affidavit was filed against him on April 19, 1962.  The bill of exceptions is in a chaotic condition as far as reflecting an alleged trial.  Two referees of the Juvenile Court staff were permitted to testify or make statements.  There was no prosecuting attorney present to represent the State of Ohio at the first hearing or at any of the continued hearings.  A lawyer representing the complainant was present at each hearing and his rather extensive statements are in the record.  This latter lawyer was permitted by the court to handle the direct examination of the complainant at the hearing on May 6, 1963.  A judge cannot with propriety double for the prosecutor in a criminal trial under the Ohio law and at the same time act as the trier of the facts.  The Juvenile Court is a court of law and all safeguards of due process should be adhered to meticulously.

As indicated above, the "Addition to Bill of Exceptions" states that the defendant paid $70.00 on March 13, $70.00 on March 30, and $70.00 on April 10, 1963.  (These dates apparently were intended to be in 1962.)  Certainly this does not point to a failure to support his children, if it is correct.  But the defendant was not permitted by the court to present testimony on behalf of his own defense as he specifically requested through his attorney at the last hearing on May 6, 1963.

Witness the following questions, answers and comments from the record on that date:

"MR. BYSTRICKY: * * * I would like to introduce into evidence when the time comes the copy of the income tax return to indicate what the income of Dr. Herold was for 1962.
" * * *

"MR. BYSTRICKY: We are here on an affidavit for non-support.  We have paid $1973.35.  If this is enough or not enough is a different story.  He has not failed to support the minor children.

"THE COURT: On July 27, 1962, I marked this heard

and submitted, and I conferred with counsel many times in the meantime, and did order that the defendant at the time shall pay to the court a minimum of $50.00 a week as current support to go to the complainant, and that I would not make my finding as long as that was done. About the agreement of counsel, I would most certainly concur with Mr. Bystricky that we are not here on anything but the original affidavit. Apparently, it has not worked out, is that right?

"MR. HERZBRUN: That is correct sir.

"THE COURT: And I think the court for everybody's sake, better make a final disposition, because I don't think our approach—as far as counsel is concerned, I am sure the Court has has the cooperation of everyone, much more than it should expect. You have both been extremely generous with your time. I am going to make a finding of guilty.

"MR. BYSTRICKY: I would like to introduce certain things in evidence before you make the finding, because we came here today, which is the 5th day of May, 1963. On the 27th of July, 1962, and I do have a transcript, you ordered Dr. Herold to pay $50.00 a week.

"THE COURT: I didn't order it.

"MR. BYSTRICKY: That was the agreement. I have the transcript. I am entitled to be shown by this Court, for the sake of the records, how much money we have paid, that we have not failed to support the minor children. We are not here on a contempt of Court citation, we are here on failure to support minor children. We would like to introduce into evidence any and all facts which might help before you make your finding, because Dr. Herold has not failed to support the children, and should not be denied this opportunity to introduce evidence. For that reason, I file an objection.

"THE COURT: What evidence?

"MR. BYSTRICKY: Testimony as to the payments made. It is very important.

"THE COURT: I believe you previously presented to the Court, is that correct, anything paid? You mean, since July 27th?

"MR. BYSTRICKY: The affidavit is strictly from the 3rd day of March, 1962 until the 19th day of April, 1962. For the sake of the record, I should like to show what Dr. Herold here paid during that period of time, which we do not have any evidence in this transcript of the 27th day of July, 1962. Only the discussion in this court with counsel and Mr. Mogyordy, the Court referee. No one testified. And I do believe Dr. Herold should be given an opportunity to testify.

"THE COURT: On May 25th there was also a hearing, too.

"MR. BYSTRICKY: No testimony of any kind was given in this Court.

"THE COURT: Off the record.

(Discussion off the record.)

"THE COURT: On the record. I believe on May 25th I heard from both parties.

"MR. BYSTRICKY: No, your Honor. This is the only record we have.

"THE COURT: What was on May 25th? We heard testimony.

"MR. BYSTRICKY: What date?

"THE COURT: May 25th.

"MR. BYSTRICKY: And then?

"THE COURT: On July 26th when—

"MR. BYSTRICKY: 27th. On May 25th an order of $70.00 was changed.

"THE COURT: Yes, we agreed—

"MR. BYSTRICKY: There was no evidence. I always have a Court Reporter.

"THE COURT: Do you have the record from the 25th?

(Discussion before the bench)

"THE COURT: I'm going to make a finding of guilty.

"MR. BYSTRICKY: We have no opportunity to introduce any evidence, is that correct?

"THE COURT: That is not correct, Mr. Bystricky.

"MR. BYSTRICKY: You mean?

"THE COURT: Not now. We heard and submitted your evidence, whatever you wanted to submit at the prior hearing, and I think it was completely clear to you, is that correct, Mr. Bystricky?

"MR. BYSTRICKY: Yes, but this doesn't show any testimony.

"THE COURT: We don't have the whole record.

"MR. BYSTRICKY: This is the entire record.

"THE COURT: No.

"MR. BYSTRICKY: I had a Court Reporter. This is the entire record of the hearing on the 27th day of July, 1962.

"THE COURT: The defendant is to pay $70.00 a week through the Court to the Complainant. When is the payment supposed to be made? Any particular day?

(Discussion off the record)

"THE COURT: On the record. Defendant to pay costs.

(Thereupon, at 11:40 A. M., the proceedings were closed.)"

This bill of exceptions with the addition alluded to above was allowed and signed by the trial judge.

From the record before this court, it is patent that there was a denial to this defendant of his rights under Article I, Section 10, of the Constitution of Ohio, to defend in person and with counsel and to procure the attendance of witnesses in his behalf. In addition, the proceedings before the Juvenile Court did not meet the requirements of due process of law as contemplated by the Fourteenth Amendment to the United States Constitution.

The sequence of hearings as reflected by the record before us seems to relate to the general claim that the defendant was not supporting his children. However, he was charged with the specific crime of failure to support his children during the period from March 3, 1962, to April 19, 1962. He was not accorded a fair trial on this specific charge. We find that the trial court erred to the prejudice of the substantial rights of the defendant, as urged in each of the two assignments of error. This charge as set out in the affidavit before the Juvenile Court was the only charge before that court.

The trial court's denial of the rights secured to the defendant by the Constitution and laws of the State of Ohio and by the Fourteenth Amendment to the United States Constitution require that we reverse the conviction and judgment of the Juvenile Court and remand the cause with instructions to accord

the defendant a constitutional trial in accordance with the law on that particular charge.

Reversed and remanded.

Exceptions. Order see journal.

KOVACHY, P. J., ARTL, J., concur.